# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* BUFORD, Minors.

UNPUBLISHED
July 28, 2015

No. 324943
Muskegon Circuit Court
Family Division
LC No. 13-042746-NA

Before: SERVITTO, P.J., and BECKERING and BOONSTRA, JJ.

PER CURIAM.

Respondent-father appeals as of right the October 14, 2014, order terminating his parental rights to the minor children KBMB and KKLB.[1] We affirm.

"In order to terminate parental rights, the trial court must find by clear and convincing evidence that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been met." *In re VanDalen*, 293 Mich App 120, 139; 809 NW2d 412 (2011). A trial court must also find by a preponderance of the evidence that termination is in the children's best interests before it can terminate parental rights. *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). The trial court's findings of fact are reviewed for clear error. *In re HRC*, 286 Mich App 444, 459; 781 NW2d 105 (2009).

On appeal, respondent only challenges the sufficiency of the trial court's best-interest findings. Respondent first argues that the trial court improperly failed to consider whether the children could potentially be placed with relatives in the future when deciding best interests. To support this argument, respondent cites MCL 712A.19a(6)(a). However, he fails to acknowledge that "a child's placement with relatives weighs against termination under MCL 712A.19a(6)(a) . . . when the children are '*being cared for by relatives*.' " *In re Mason*, 486 Mich 142, 164; 782 NW2d 747 (2010) (emphasis added). Because there is no indication that the minor children herein were being cared for by relatives at any point during the proceeding, respondent's reliance on MCL 712A.19a(6)(a) is misplaced. Respondent also cites *In re Mays*, 490 Mich 993, 994;

---

[1] During a combined adjudication trial and initial dispositional hearing, respondent admitted that he was unable to provide proper care and custody to the children because of his lengthy prison sentence for a third-degree criminal sexual conduct conviction. The trial court later found that it was in the children's best interests to terminate respondent's parental rights.

-1-

807 NW2d 307 (2012); *In re Mason*, 486 Mich at 164; *In re Olive/Metts*, 297 Mich App 35, 43; 823 NW2d 144 (2012); and *In re McQueen/Moorlet/Lyle*, unpublished per curiam opinion of the Court of Appeals, issued December 12, 2012, p 3 (Docket No. 309554), to support his argument that the trial court was required to consider the children's potential placement with relatives. However, the above-referenced authority cited by respondent only supports that a trial court is required to explicitly consider the fact that a child is placed with a relative at the time of termination when deciding best interests. Respondent's argument that it is clear error for a trial court to fail to consider the children's *potential* placement with a relative when deciding best interests is unsupported.

Respondent also argues that the trial court only made minimal findings when deciding best interests. We have reviewed the trial court's best-interests findings and find that they were sufficient to satisfy MCR 3.977(I)(1)'s requirements.

Affirmed.

/s/ Deborah A. Servitto
/s/ Jane M. Beckering
/s/ Mark T. Boonstra